# EXHIBIT A

# Complaint

# EXHIBIT A

Electronically Filed
8/3/2021 8:21 AM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff TERRANCE DOBBINS

CASE NO: A-21-838852-C
Department 5

### DISTRICT COURT
### CLARK COUNTY NEVADA
\* \* \*

TERRANCE DOBBINS,

                 Plaintiff,

vs.

TESLA, INC., (a.k.a. TESLA MOTORS, INC.) a Delaware Corporation; DOES I-X; and, ROE Business Entities I-X,

                 Defendants.

Case No.:

Department No.:

**COMPLAINT**

JURY TRIAL DEMANDED

**Arbitration Exemption: action seeking equitable or extraordinary relief.**

COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

### JURISDICTION

1. This is a civil action for damages brought by TERRANCE DOBBINS against his former employer to redress discrimination and retaliation under state and federal anti-discrimination statutes under NRS 613.330 et seq., and Title VII of the 1964 Civil Rights Act, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e to include discrimination and retaliation based on race and protected activities related to race. Plaintiff also brings claims for discrimination and retaliation under 42 U.S.C. § 1981. Plaintiff also alternatively brings a claim for discrimination under NRS 613.333 because he was fired for his lawful use of a product in Nevada.

1

2. The events complained of herein took place in Storey County, Nevada.

3. Plaintiff timely filed a dual charge with the Nevada Equal Rights Commission (NERC) and the Equal Employment Opportunity Commission (EEOC), Charge Nos. 0315-19-0034R and 34B-2019-00553 on February 21, 2019 (which was later amended), alleging race discrimination and retaliation in violation of Nevada and Federal law. This dual filing was made pursuant to the law and the then-active Work Sharing Agreement between EEOC and NERC.

4. Plaintiff timely filed a dual charge with the Nevada Equal Rights Commission (NERC) and the Equal Employment Opportunity Commission (EEOC), Charge Nos. 1011-18-0133R and 34B-2018-01249 on or about July 9, 2018 alleging race and discrimination and harassment in violation of Nevada and Federal law. This dual filing was made pursuant to the law and the then-active Work Sharing Agreement between EEOC and NERC.

5. On May 20, 2021, the EEOC issued Plaintiff a "Notice of Right to Sue" in both the aforementioned Charges. Plaintiff is timely filing this civil action within the requisite 90 days of his receipt of that Notice.

6. Plaintiff has fully complied with all prerequisites under Title VII and Nevada state statutes to pursue these claims in this court.

**PARTIES**

7. TERRANCE DOBBINS (herein "Plaintiff"), is a black African-American male over the age of 21 and at all times complained of herein was a resident of the County of Washoe, Nevada.

8. Defendant, TESLA, INC, is a Delaware Corporation. Upon information and belief, it is also known as TESLA MOTORS, INC. It has continuous and ongoing business operations in the state of Nevada and engages in an industry affecting commerce. It has well in excess of 500 employees. A review of business entities registered with the Nevada Secretary of State apparently

revealed that TESLA, INC. has not registered to do business in the State of Nevada; however, its alias TESLA MOTORS, INC. is registered with the Secretary of State. Accordingly, Plaintiff is unaware of where TESLA, INC. "resides" for purposes of venue and therefore sues TESLA, INC. in the county of his choice pursuant to NRS 13.040 and designates Clark County, Nevada as the place for trial.

9. Defendants can only operate by and through its employees whether those persons are designated as owners, agents, managers, supervisors, or employees.

10. Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint. Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE CORPORATION Defendants are ascertained.

## ALLEGATIONS COMMON TO ALL CLAIMS

11. Plaintiff was employed by Defendants from March 6, 2017 through February 8, 2019 as a Maintenance Technician.

12. Plaintiff was good at his job and enjoyed his work very much up until the time that the Defendants engaged in the illegal discrimination and retaliation set forth herein.

13. Plaintiff performed his job at a level that met or exceeded the reasonable expectations of the Defendants.

14. The Defendants discriminated against Plaintiff due to his race, black African-American.

Plaintiff was subjected to different and unequal terms and conditions of employment, harassed, and discharged.

15. The Defendants retaliated against Plaintiff for his engaging in protected activities under NRS Chapter 613, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. These protected activities included, but were not limited to, Plaintiff's filing of Charges 1011-18-0133R and 34B-2018-01249 with NERC and EEOC and Plaintiff complaining to Defendant's managers or human resources employees and his superiors in Defendant's organization that he was being discriminated against by his co-workers and/or superiors including Richard Williams, Daniel Morrissette, and Christian Collins. The retaliation took several forms, principally Plaintiff was further harassed in retaliation and then terminated from his employment.

16. On several occasions including during the 300 days prior to July 9, 2018 and the 300 days prior to February 21, 2019 Plaintiff was subjected to harassment and discrimination based on race. This included repeatedly subjecting Plaintiff to drug testing based on false accusations of him being on marijuana in the workplace. Every drug test came back negative. Plaintiff was singled out for this harassing treatment and employees not in his protected class, race, were not treated in this manner. Plaintiff alleges that this harassment was because of his race.

17. Plaintiff was subjected to continuing action of harassment based on sex and race from approximately September 15, 2017 through February 8, 2019.

18. Starting in around September 2017 several of Plaintiff's co-workers began making inappropriate sexual and racial comments in his presence. On or about October 15, 2017 William Grove (white) made a comment to Plaintiff that Plaintiff worked at the "KFC and watermelon patch." This comment was made in the presence of several co-workers and members of management such as Richard Palio, Supervisor and Daniel Morrissette, Supervisor. The co-workers,

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

4

including the supervisors laughed at this racially derogatory statement made to Plaintiff and Plaintiff opposed this by telling the supervisors and co-workers that he was offended and that they should stop. Plaintiff reported this incident to Human Resources. Plaintiff was not informed of any action taken to address the racially hostile environment for nearly two months when, in December 2017, Plaintiff requested an update and was told that "appropriate action" was taken, but Plaintiff was not informed of what that action consisted of.

19. Despite Plaintiff's requests to be free of sexually and racially hostile statements in the workplace, William Grove and Richard Williams, a Supervisor, continued to make sexual and racially offensive comments in Plaintiff's presence. Grove and Williams continually discussed topics such as "pegging" which is a slang term referring to a graphic sex act involving anal penetration of a male with a sex prosthetic. Grove and Williams harassed Plaintiff by sarcastically stating that they could not now make race related statements in Plaintiff's presence which was retaliatory harassment for Plaintiff having complained about racial harassment to Human Resources. After Plaintiff's complaint to Human Resources Grove and Williams began to make false accusations against Plaintiff, such as falsely accusing him of "sleeping on the job" in a retaliatory attempt to get Plaintiff fired for his protected activity of complaining about harassment.

20. In February 2018 Plaintiff requested a transfer to a different department which would have gotten him away from the harassment of Grove and Williams. This request was denied.

21. In April 2018 Grove and Williams moved to a different shift and Williams was promoted.

22. In August 2018 Plaintiff was transferred to be under Williams' supervision. Williams promptly started retaliating against Plaintiff for his prior protected activities set forth above. Williams attempted to issue a write up to Plaintiff for being a "no call no show" when in fact the absence had been approved. When that attempt at getting Plaintiff in trouble failed, Williams

5

accused Plaintiff of smelling like marijuana and Plaintiff was suspended pending an investigation and a drug test. The drug test was negative and Plaintiff returned to work on or about September 11, 2018.

23. Plaintiff continued to request a transfer away from the harassers, but was denied.

24. Plaintiff continued to suffer racially discriminatory and harassing statements in the workplace. For example in August 2018 Christian Collins asked Plaintiff if he knew what Reno was an acronym for. Plaintiff responded that he did not. Collins stated that it stood for "run every ninja out" which in the context Plaintiff clearly understood that "ninja" was substitute for "nigger." Plaintiff was the only black technician employee in the department in which he worked.

25. Plaintiff was discriminated against and retaliated against by giving higher raises to his non-African American co-workers who had not complained about discrimination while Plaintiff was given lower raises for no discernable reason other than discrimination and retaliation. In 2018 Plaintiff was only given a $0.50 per hour raise when he should have gotten a $1.25 per hour under the formula as his non-African American co-workers were.

26. Plaintiff was also discriminated against in receiving promotions. William Grove and Richard Williams who are white were both promoted while Plaintiff was not promoted and certainly not promoted to the same level or with the same terms and conditions as his white counterparts in the workplace.

27. As noted above, Plaintiff filed Charge Nos 1011-18-0133R (NERC) and 34B-2018-01249 on or about July 9, 2018.

28. On or about February 8, 2019 Plaintiff was discharged from his employment.

29. Plaintiff's termination from employment was because of his protected activity of opposing unlawful discrimination and harassment in the workplace and by participation in charges of

1  discrimination, harassment, and or retaliation against Defendant TESLA, INC. Plaintiff's
2  termination was in whole or in part because of his race, black African-American and/or in retaliation
3  for his previous charges with NERC and EEOC and/or his complaints to Defendant's Human
4  Resources personnel about ongoing racial and sexual harassment.

5  30.  The reasons given for Plaintiff's discharge were false and pretextual. The reasons alleged
6  by Defendants are in fact illegal under Nevada law; however, they are also not true and not worthy
7  of credence as actual reasons. The real reasons were discrimination based on race and retaliation for
8  Plaintiff's protected activity of opposing illegal race discrimination and harassment by Defendant
9  and its managers and supervisors.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION BASED ON**
**RACE IN VIOLATION OF FEDERAL AND STATE LAW**

31.  Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

32.  Plaintiff is a member of the class of persons protected by federal and state statutes prohibiting discrimination based on race specifically black African-American. Plaintiff was properly performing all his job duties consistent with the employer's reasonable expectations.

33.  Defendants, as employers, are subject to the federal statute prohibiting discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and the Nevada state statute prohibiting race discrimination, N.R.S. 613.310 *et seq.*, and thus have a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination. They failed to do so.

34.  Plaintiff was treated differently because of his race, black African-American. Examples of this differing treatment, as more fully detailed above, include, but are not limited to, being subjected to being harassed and subjected to a hostile work environment, and being terminated in a

discriminatory manner in comparison to similarly situated employees not in his protected class.

35. The aforementioned actions also give rise to an illegal hostile environment based on Plaintiff's race, black African-American. That hostile environment arose out of the cumulative effects of events occurring between September 15, 2017 and February 8, 2019, which created an illegally hostile environment within the limitation period under Title VII and the Nevada Statute and for which Plaintiff dual-filed a sworn Charge with the NERC and EEOC, and subsequently amended that Charge, on or about July 9, 2018. The Amended Charge (EEOC #34B-2018-01249) is incorporated here by this reference. Further the Amended Charge from EEOC #34B-2019-00553 is incorporated by reference.

36. Plaintiff perceived his working environment to be abusive or hostile as would a reasonable person in Plaintiff's circumstances. The hostile work environment was severe or pervasive and altered the terms and conditions of Plaintiff's employment.

37. This illegal and hostile environment made it more difficult for Plaintiff to do his job, affected his work performance, his work-place well-being, and his mental state.

38. Defendants had actual and constructive knowledge of the intolerable conditions and discrimination to which Plaintiff was subjected, but chose not to remedy the situation.

39. These actions constitute violations of federal law prohibiting race discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and Nevada state law, N.R.S. 613.310 *et seq.*

40. Plaintiff has suffered economic loss as a result of this illegal race discrimination and is entitled to recover an amount sufficient to make him whole.

41. The Plaintiff suffered the tangible adverse employment action of termination from employment.

42. Plaintiff is entitled to reinstatement, back pay, front pay in lieu of reinstatement, and any

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

other monetary and equitable remedies contemplated by state and federal anti-discrimination laws.

43. Plaintiff has suffered emotional distress, embarrassment, humiliation, and mental anguish and is entitled to be compensated for those inflictions under the aforementioned federal statute.

44. Plaintiff is entitled to punitive damages under federal and/or state law in an amount sufficient to punish Defendants and to deter them from engaging in these actions.

45. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law.

46. Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights.

**SECOND CAUSE OF ACTION**
**DISCRIMINATION BASED ON**
**SEX IN VIOLATION OF FEDERAL AND STATE LAW**

47. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

48. Plaintiff was subjected to an abusive sexually charged hostile environment in his workplace by his co-workers and/or supervisors making offensive jokes and statements of a sexual nature such as graphic discussions of "pegging" which involves the insertion of a sex prosthetic into the anus of a man. This was objectively offensive and did in fact offend Plaintiff.

49. The aforementioned actions created an illegally hostile environment within the limitation period under Title VII and the Nevada Statute and for which Plaintiff dual-filed a sworn Charge with the NERC and EEOC, and subsequently amended that Charge, on or about July 9, 2018. The Amended Charge (EEOC # 34B-2018-01249) is incorporated here by this reference.

50. Plaintiff perceived his working environment to be abusive or hostile as would a reasonable person in Plaintiff's circumstances. The hostile work environment was severe or pervasive and altered the terms and conditions of Plaintiff's employment.

51. This illegal and hostile environment made it more difficult for Plaintiff to do his job, affected his work performance, his work-place well-being, and his mental state.

52. Defendants had actual and constructive knowledge of the intolerable conditions and discrimination to which Plaintiff was subjected, but chose not to remedy the situation.

53. These actions constitute violations of federal law prohibiting race discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and Nevada state law, N.R.S. 613.310 *et seq.*

54. Plaintiff has suffered emotional distress, embarrassment, humiliation, and mental anguish and is entitled to be compensated for those inflictions under the aforementioned federal statute.

55. Plaintiff is entitled to punitive damages under federal and/or state law in an amount sufficient to punish Defendants and to deter them from engaging in these actions.

56. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law.

57. Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights.

### THIRD CAUSE OF ACTION
### RETALIATION BASED ON
### RACE IN VIOLATION OF FEDERAL AND STATE LAW

58. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

59. The aforementioned state and federal statutes prohibiting discrimination also separately prohibits employers from retaliating against any individual engaging in protected activity which includes reporting, complaining about, or raising concerns, and opposing possible discrimination or acts which might constitute discrimination and/or participation in proceedings and actions regarding enforcement of the law. Defendant knew about Plaintiff's protected activity including his filing

charges with NERC and EEOC.

60. Defendants subjected Plaintiff to retaliation after, and as a result of, his engaging in protected activity as more fully detailed herein. Plaintiff's protected activities include: 1) reporting, complaining about and opposing the illegal actions of his managers and co-workers; 2) filing and pursuing charges with NERC and EEOC; and, 3) the continual communication with Defendants regarding the illegal actions and discrimination.

61. The actions and conduct by Defendants would deter Plaintiff and others from reporting, complaining, opposing or otherwise engaging in protected conduct, thus constituting illegal retaliation because Title VII has been held to prohibit employer's actions which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern Co. v. White*, 548 U.S. 53 (2006).

62. Defendants failed to take reasonable actions to prevent retaliation against Plaintiff. To Plaintiff's knowledge and perception, after he complained and otherwise engaged in protected activities, no preventive or remedial actions were taken to prevent retaliation.

63. The aforementioned action and conduct of Defendants constitutes illegal retaliation prohibited under state and federal law.

64. As a direct and proximate cause of Defendants' wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff has been seriously harmed, economically and emotionally, and is, therefore, entitled to be fully compensated.

65. Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions involving a conscious disregard of Plaintiff's rights under the law.

66. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to

engage the services of an attorney and expend costs to pursue and protect his rights under the law.

## FOURTH CAUSE OF ACTION
### RETALIATION BASED ON
### SEX IN VIOLATION OF FEDERAL AND STATE LAW

67. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

68. The aforementioned state and federal statutes prohibiting discrimination also separately prohibits employers from retaliating against any individual engaging in protected activity which includes reporting, complaining about, or raising concerns, and opposing possible discrimination or acts which might constitute discrimination and/or participation in proceedings and actions regarding enforcement of the law. Defendant knew about Plaintiff's protected activity including his filing charges with NERC and EEOC.

69. Defendants subjected Plaintiff to retaliation after, and as a result of, his engaging in protected activity as more fully detailed herein. Plaintiff's protected activities include: 1) reporting, complaining about and opposing the illegal actions of his managers and co-workers; 2) filing charges with NERC and EEOC; and, 3) the continual communication with Defendants regarding the illegal actions and discrimination.

70. The actions and conduct by Defendants would deter Plaintiff and others from reporting, complaining, opposing or otherwise engaging in protected conduct, thus constituting illegal retaliation because Title VII has been held to prohibit employer's actions which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern Co. v. White*, 548 U.S. 53 (2006).

71. Defendants failed to take reasonable actions to prevent retaliation against Plaintiff. To Plaintiff's knowledge and perception, after he complained and otherwise engaged in protected

activities, no preventive or remedial actions were taken to prevent retaliation.

72. The aforementioned action and conduct of Defendants constitutes illegal retaliation prohibited under state and federal law.

73. As a direct and proximate cause of Defendants' wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff has been seriously harmed, economically and emotionally, and is, therefore, entitled to be fully compensated.

74. Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions involving a conscious disregard of Plaintiff's rights under the law.

75. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law

### FIFTH CAUSE OF ACTION:
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1981

76. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

77. Defendants have violated the Civil Rights Act of 1866, 42 U.S.C. § 1981 as amended, through the actions of their managers and officials in failing to provide equal contractual opportunities to black African –American employees.

78. Defendants intentionally retaliated against Plaintiff for his opposing their discriminatory and illegal conduct under the Act and for demanding equal treatment in his contractual relations with Defendants.

79. Plaintiff has been harmed by Defendants' actions, has suffered damages, and is entitled to be fully compensated therefor.

80. The actions of Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal law. Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

81. As a result of Defendants' actions, Plaintiff has been required to hire an attorney and expend fees and costs to pursue and protect his legal rights through this action and is, therefore, entitled to recover his reasonable attorney fees and costs in an amount to be determined.

### SIXTH CAUSE OF ACTION:
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

82. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

83. Plaintiff was retaliated against after he opposed and complained about the discriminatory treatment he received in Defendants' workplace.

84. Plaintiff suffered one or more adverse job consequences intentionally imposed by Defendant, as detailed above. These consequences were of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

85. Plaintiff's employment was terminated by Defendants when he was discharged due to discrimination based on race and retaliation for Plaintiff having opposed and complained about the discriminatory and illegal treatment.

86. Defendants' discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of 42 U.S.C. § 1981.

87. Plaintiff suffered mental anguish, humiliation and emotional distress as a direct and proximate result of Defendants' actions.

88. Plaintiff has suffered and will suffer lost wages and benefits of employment as a direct and

proximate result of the actions of the Defendants.

89. The actions of Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal and/or Nevada law. Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

90. As a result of Defendants' actions, Plaintiff has been required to hire an attorney and expend fees and costs to pursue and protect his legal rights through this action and is, therefore, entitled to recover his reasonable attorney fees and costs in an amount to be determined.

## SEVENTH CAUSE OF ACTION:
## DISCRIMINATION IN VIOLATION OF NRS 613.333

91. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

92. The Defendant's act of terminating the Plaintiff constituted a violation of NRS 613.333 which states in relevant part as follows:

> **NRS 613.333 Unlawful employment practices: Discrimination for lawful use of any product outside premises of employer which does not adversely affect job performance or safety of other employees.**
> 1. It is an unlawful employment practice for an employer to:
> (a) Fail or refuse to hire a prospective employee; or
> (b) Discharge or otherwise discriminate against any employee concerning the employee's compensation, terms, conditions or privileges of employment,
> because the employee engages in the lawful use in this state of any product outside the premises of the employer during the employee's nonworking hours, if that use does not adversely affect the employee's ability to perform his or her job or the safety of other employees.
> 2. An employee who is discharged or otherwise discriminated against in violation of subsection 1 or a prospective employee who is denied employment because of a violation of subsection 1 may bring a civil action against the employer who violates the provisions of subsection 1 and obtain:
> (a) Any wages and benefits lost as a result of the violation;
> (b) An order of reinstatement without loss of position, seniority or benefits;
> (c) An order directing the employer to offer employment to the prospective employee; and

   (d) Damages equal to the amount of the lost wages and benefits.
  3. The court shall award reasonable costs, including court costs and attorney's fees to the prevailing party in an action brought pursuant to this section.
  4. The remedy provided for in this section is the exclusive remedy for an action brought pursuant to this section.

93. A cold remedy containing alcohol sold over the counter is a product as contemplated in the statute.

94. Alcohol is a product as contemplated in the statute.

95. The Plaintiff lawfully used a cold remedy containing alcohol in Nevada outside of the Defendant's premises during the Plaintiff's nonworking hours on or about February 6, 2019.

96. The Plaintiff's lawful use of a cold remedy containing alcohol in his nonworking hours and outside of his employer's premises did not adversely affect his ability to perform his job and did not affect the safety of other employees.

97. The Plaintiff was discharged and discriminated against by the Defendant in violation of NRS 613.333(1) because of his lawful use of a product in Nevada.

98. The Plaintiff lost wages and benefits of employment as a result of Defendant's violation of NRS 613.333(1) in an amount in excess of $15,000.00, the exact amount to be determined at trial.

99. The Plaintiff is entitled to equitable relief in the nature of an order of reinstatement without loss of position, seniority, or benefits.

100. The Plaintiff is entitled to liquidated damages in an amount equal to his lost wages and benefits pursuant to NRS 613.333(2)(d).

101. The Plaintiff is entitled to his reasonable costs, including court costs and attorney fees pursuant to NRS 613.333(3).

**WHEREFORE**, Plaintiff expressly reserves the right to amend his Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands judgment against the Defendants, upon each of them, as follows:

A. All applicable monetary relief provided for under Federal law, common law and Nevada state law including, but not limited, to the following:

1. Money damages in excess of $15,000.00;

2. Economic damages including, but not limited to, lost wages or income and benefits of employment, incidental and consequential damages;

3. Equitable and extraordinary relief in the form of an order reinstating Plaintiff to his position/shift in accordance with NRS, Title VII, Section 1981 and/or other applicable law, or front pay in lieu of reinstatement;

4. General damages including emotional distress and general economic harm;

5. Nominal damages if appropriate;

6. All available remedies under NRS 613.333;

7. Punitive and/or Exemplary damages to deter the Defendants from future malicious, fraudulent, willfully illegal, and/or oppressive conduct of a similar nature;

8. Pre-judgment and post-judgment interest on the amounts awarded at the prevailing legal rate;

9. For an additional amount to account for any taxes Plaintiff may be called upon to pay in relation to any award made herein;

10. Reasonable attorney fees, reasonable expert witness fees, and other costs of the action pursuant to federal and state statute, agreement, or court rule; and

B. A trial by jury on all issues that may be tried to a jury; and/or

C. For such other and further relief as the Court may deem just and proper.

DATED August 3, 2021

                                                 /s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV 89130
702-258-1183 ph./702-258-6983 fax

*Attorneys for Plaintiff*